**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-35526 |
| Plaintiff - Appellee, | D.C. Nos.   3:10-cv-00216-TMB |
| v. | 3:07-cr-00035-TMB- |
| DENNIS SUESUE, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Timothy M. Burgess, District Judge, Presiding

Argued and Submitted August 14, 2014
Anchorage, Alaska

Before: FARRIS, D.W. NELSON, and NGUYEN, Circuit Judges.

Dennis Suesue appeals from the district court's denial of Suesue's 28 U.S.C.

§ 2255 motion that alleged ineffective assistance of counsel by his appointed

counsel during the plea bargaining process.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

We dismiss Suesue's appeal for lack of jurisdiction due to an untimely notice of appeal. "The timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Appeals that are not timely filed "must be dismissed for want of jurisdiction." *Id.* at 213 (internal quotation marks and citation omitted). A party has 60 days to file a notice of appeal if one of the parties is the United States. F. R. App. P. 4(a)(1)(B). If a party timely files a Rule 59 or Rule 60 motion pursuant to the Federal Rules of Civil Procedure, then "the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion." F. R. App. P. 4(a)(4)(A)(iv)-(vi). A Rule 59 or Rule 60 motion is timely if it is filed no later than 28 days after the judgment is entered. *Id.*

On January 26, 2012, the district court entered judgment on Suesue's § 2255 motion. On February 24, 2012, 29 days after the entry of judgment, Suesue filed a motion pursuant to Federal Rule of Civil Procedure 59(e) and 60 to amend judgment. The district court denied Suesue's motion without comment on April 4, 2012. Suesue then filed a notice of appeal on May 31, 2012. Suesue's notice of appeal was untimely as it was filed more than 60 days after the entry of judgment. Suesue's Rule 59 motion did not toll the period for filing a notice of appeal as it was filed more than 28 days after the entry of judgment.

2

Suesue argues that the district court's judgment on January 26 was not a final order since it did not contain a certificate of appealability. Rule 11 of the Rules Governing § 2255 Proceedings for the United States District Courts states, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." The language of this rule, however, makes clear that a certificate of appealability is a separate document that should be filed along with the final order. The rule does not state that an order must contain a certificate of appealability in order to be final. Furthermore, Rule 11 also states that "Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rule." Federal Rule of Appellate Procedure 4(a) states that the timeliness of appeals is based on the date of the "entry of the judgment or order appealed from." F. R. App. P. 4(a)(B). The district court should have filed a certificate of appealability at the time that it entered final judgment, but its failure to do so does not alter the timeline set forth in F. R. App. P. 4(a). Suesue's untimely notice of appeal deprives this court of jurisdiction to hear his appeal.

Even if we retained jurisdiction over the appeal, we would still conclude that Suesue's claim for ineffective assistance of counsel fails. To establish ineffective assistance of counsel, Suesue must first demonstrate "that counsel's representation fell below an objective standard of reasonableness." *Nunes v. Mueller*, 350 F.3d

3

1045, 1051 (9th Cir. 2003) (internal quotation and citation marks omitted). Counsel's representation is judged under a "most deferential" standard. *Premo v. Moore*, 131 S. Ct. 733, 740 (2011). A determination of ineffective assistance of counsel is only warranted if "an attorney's representation amounted to incompetence under prevailing professional norms." *Id.*(internal quotation marks and citation omitted). Suesue has presented insufficient evidence to rebut the presumption of competence. *See Burt v. Titlow*, 134 S. Ct. 10, 17-18 (2013). Counsel correctly informed Suesue that he faced substantial risks if he withdrew his plea. Counsel also met repeatedly with Suesue during this time period and kept him adequately apprised of the status of the case.

During this period, counsel did not provide deficient advice on the viability of Suesue's defenses. Even if counsel's failure to investigate fully the factual bases and legal merits of some of Suesue's potential defenses did not constitute "best practices," as alleged, such failure did not rise to the level of incompetence required for a finding of ineffective assistance of counsel. *See Premo*, 131 S. Ct. at 740.

**AFFIRMED.**